UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT A. DEL MONACO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| | : | |
| vs. | : | JURY TRIAL DEMAND |
| | : | |
| CZECH ASSET MANAGEMENT, | : | |
| LIMITED PARTNERSHIP, CZECH | : | |
| MANAGEMENT GP, LLC, and | : | |
| STEPHEN J. CZECH, | : | |
| Defendants. | : | SEPTEMBER 11, 2014 |

COMPLAINT

Plaintiff, Robert A. Del Monaco ("Del Monaco"), by his attorneys, Law Offices of Michael G. Berger and Carta, McAlister & Moore, LLC, for his Complaint against defendants Czech Asset Management, Limited Partnership, Czech Management GP, LLC, and Stephen J. Czech ("Defendants"), alleges as follows:

NATURE OF THE CASE

1. This is an action for breach of contract, promissory estoppel, and violation of the Connecticut wage statute. This action arises out of Defendants' willful and unjustified failure and refusal to pay Del Monaco $200,000 in wages, representing his non-discretionary cash bonus for 2013 in that amount, which was earned on the basis of

Del Monaco's individual efforts and achievements, mutually agreed upon, and expressly promised to him.

2.      Del Monaco seeks $400,000, representing "twice the amount of such wages," plus "costs and such reasonable attorney's fees as may be allowed by the [C]ourt," per Conn. Gen. Stat. §§ 31-71 and 31-72, plus interest and such other and further relief as this Court deems proper.

## THE PARTIES

3.      Plaintiff Robert A. Del Monaco is a citizen of the State of New York, residing at 333 East 56th Street, Apt. 9E, New York, New York 10022. Del Monaco is an experienced executive with an undergraduate degree in Finance from Sacred Heart University, a Master's degree in Finance from Baruch College's Zicklin School of Business, and more than 15 years of experience in business finance.

4.      Upon information and belief, defendant Czech Asset Management, Limited Partnership ("CAM") is a Delaware limited partnership registered and qualified to do business in the State of Connecticut, with its principal place of business located at 1700 East Putnam Avenue, Suite 207, Old Greenwich, Connecticut 06870. According to its own website, CAM "is engaged in the business of originating and investing in asset-based and cash-flow first and second lien secured floating rate loans for middle market

borrowers located throughout North America and Europe." Czech Asset Management, L.P., http://www.czechamlp.com (last visited Aug. 4, 2014).

5. Upon information and belief, defendant Czech Management GP, LLC ("GP") is the general partner of CAM, and is a Delaware limited liability company registered and qualified to do business in the State of Connecticut, with its principal place of business located at 1700 Putnam Avenue, Suite 207, Old Greenwich, Connecticut 06870.

6. Defendant Stephen J. Czech ("Czech") is Managing Partner of CAM and principal and sole owner of GP. Upon information and belief, Czech is a citizen of Connecticut residing in Fairfield County.

7. Upon information and belief, the limited partners of CAM are: (a) Czech Holdings, LLC, a Delaware limited liability company whose members are Defendant Stephen J. Czech and his wife, Jennifer Czech, both Connecticut citizens; and (b) a passive minority investor that is not a citizen of New York and is not actively involved in the management activities of CAM.

## JURISDICTION AND VENUE

8. This is an action for breach of contract, promissory estoppel, and violation of the Connecticut wage statute. This Court has original subject matter jurisdiction over

this action because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

9.  Personal jurisdiction exists over CAM and GP, as their principal place of business is in this District, and they regularly do business in this District. Conn. Gen. Stat. § 52-59b. Personal jurisdiction exists over Czech, as he is a resident of this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that each defendant resides in the State of Connecticut and all or a substantial part of the events or omissions giving rise to the action occurred in this District.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. For more than five years before joining CAM, Del Monaco worked as a controller for a multi-billion dollar hedge fund formerly owned by Morgan Stanley.

12. In or about 2011, Czech recruited Del Monaco to come to CAM to serve as Chief Financial Officer ("CFO"), at a base salary of $200,000. Before Del Monaco started working with CAM, Defendants advised Del Monaco that he would receive a bonus for 2012, payable by March 15, 2013, and that March 15 was the date by which CAM paid bonuses for the previous year.

13. Del Monaco started working for CAM in March 2012. He did not get his bonus for 2012 by March 15, 2013, but he was promised he would receive it shortly

afterwards, and on May 31, 2013, based on his performance, Del Monaco received a bonus for 2012 in the amount of $200,000.

14. In the months following receipt of his 2012 bonus on May 31, 2013, and into 2014, Del Monaco discussed his bonus for calendar year 2013 with Czech on multiple occasions, and Czech assured Del Monaco on each occasion that he would receive his bonus.

15. Most CAM employees received their bonuses for 2013 in January and February 2014. Del Monaco did not receive his bonus during that period. However, in February 2014, Czech expressly assured Del Monaco that he would receive his 2013 bonus, and claimed that the reason that Del Monaco's bonus payment was delayed was that Czech had to pay CAM's portfolio managers first, particularly one portfolio manager who had two children in private school.

16. Del Monaco did not receive his bonus by March 15, 2014, even though every CAM employee eligible for a bonus, except Del Monaco and the Chief Compliance Officer ("CCO"), had received their bonuses by that date. However, on or about March 15, 2014, Czech assured Del Monaco that he would receive his 2013 bonus. Specifically, Czech advised Del Monaco not to "worry" and told him that Czech had "not forgotten" him or the CCO. Czech made similar assurances to Del Monaco in April 2014.

17.     On May 19, 2014, Del Monaco emailed Czech to inquire as to the status of his bonus. Czech responded that day, writing, "The dollar amount of your bonus will be identical to the bonus you received last year" (i.e., $200,000).

18.     In late May 2014, Czech authorized the CCO's bonus, which was paid on or about May 30, 2014, but he failed and refused to authorize Del Monaco's bonus.

19.     Del Monaco was the only salaried employee of CAM not to receive a bonus for 2013. On June 1, 2014, having seen every other bonus-eligible employee at CAM receive a bonus, Del Monaco justifiably concluded that CAM and Czech intended not to pay him his bonus, but rather to "string him along" with false assurances that he would eventually receive it, and tendered notice of his resignation from CAM.

20.     At all relevant times, GP was the general partner of CAM, and Czech was the principal and sole owner of GP and the Managing Partner of CAM. Czech had actual and apparent authority to make promises to Del Monaco that were binding upon CAM and GP, and Czech was the individual ultimately responsible for setting the hours of Del Monaco's employment and paying his wages. It is Czech's failure and refusal to pay Del Monaco's 2013 bonus that is the specific cause of the wage violation that Del Monaco suffered.

21. By repeatedly and expressly promising Del Monaco throughout 2013 and 2014 that he would receive a bonus, Czech intended to and did induce Del Monaco to continue working for CAM until June 1, 2014, at which point it became clear to Del Monaco that he was not going to receive any bonus for 2013 and he tendered his resignation.

22. Del Monaco's reasonable reliance on Czech's promises resulted in Del Monaco forgoing the opportunity to proactively seek and obtain alternative, potentially more lucrative, employment.

23. After giving his notice, Del Monaco continued to work for CAM through the end of July 2014.

24. To date, CAM, GP, and Czech have failed and refused to pay Del Monaco's $200,000 bonus for 2013, despite being duly demanded.

COUNT ONE:    *(Breach of Contract – 2013 Bonus – As to Defendants CAM and GP)*

25. A general partner of a limited partnership is jointly and severally liable to third parties, such as Del Monaco, for all obligations of the partnership. Conn. Gen. Stat. §§ 34-17(b), 34-327(a). As general partner of CAM, GP is therefore jointly and severally liable for each claim asserted against CAM.

26. By reason of the foregoing, defendants CAM and GP are jointly and severally liable for the damages suffered by Del Monaco for their violations of their contractual duties, in the amount of not less than $200,000.

COUNT TWO: *(Promissory Estoppel – 2013 Bonus – As to Defendants CAM and GP)*

27. By reason of the foregoing, defendants CAM and GP are jointly and severally liable for the damages suffered by Del Monaco in the amount of not less than $200,000, representing the estimated total of compensation Del Monaco forwent by remaining at CAM in 2013.

COUNT THREE: *(Violation of Connecticut Wage Law – 2013 Bonus – As to CAM and GP)*

28. Del Monaco's $200,000 2013 bonus constitutes "wages" as Del Monaco earned the bonus by working for CAM through all of 2013, and the bonus was guaranteed and based entirely on Del Monaco's performance.

29. CAM, as Del Monaco's employer, and GP, as general partner of CAM, were responsible for paying his wages. CAM's and GP's failure and refusal to pay Del Monaco's 2013 bonus violated *Conn. Gen. Stat. § 31-71c(a)*.

30. The failure and refusal of CAM and GP to pay Del Monaco's 2013 bonus was: (a) arbitrary and unreasonable, as there was no basis for singling out Del Monaco as

the only salaried employee not to receive a bonus; and (b) in bad faith, as Del Monaco was expressly promised in writing that he would receive a bonus for 2013.

31.  By reason of the foregoing, CAM and GP are jointly and severally liable for the damages suffered by Del Monaco for their violations of the Connecticut wage law, in the amount of not less than $400,000, representing twice the amount of Del Monaco's unpaid $200,000 2013 bonus, plus costs and reasonable attorney's fees.

COUNT FOUR:        *(Violation of Connecticut Wage Law – 2013 Bonus – As to Czech)*

32.  Del Monaco's $200,000 2013 bonus, guaranteed by Czech in a series of promises to Del Monaco in 2013 and early 2014, and again in the May 19, 2014 email, constitutes "wages" as Del Monaco earned the bonus by working for CAM through all of 2013, and the bonus was guaranteed and based entirely on Del Monaco's performance.

32.  Czech, as principal and sole owner of GP and Managing Partner of CAM, was the authority ultimately responsible for setting the hours of Del Monaco's employment and paying his wages. Czech's failure and refusal to pay Del Monaco's 2013 bonus violated *Conn. Gen. Stat. § 31-71c(a)*.

33.  The failure and refusal of Czech to pay Del Monaco's 2013 bonus was: (a) arbitrary and unreasonable, as there was no basis for singling out Del Monaco as the only

salaried employee not to receive a bonus; and (b) in bad faith, as Czech expressly promised Del Monaco in writing that he would receive a bonus for 2013.

34.   By reason of the foregoing, Czech is personally liable for the damages suffered by Del Monaco for his violations of the Connecticut wage law, in the amount of not less than $400,000, representing twice the amount of Del Monaco's unpaid $200,000 2013 bonus, plus costs and reasonable attorney's fees.

WHEREFORE, plaintiff Robert A. Del Monaco demands judgment against each defendant as follows:

(a) On Count One, judgment against Defendants CAM and GP in an amount to be determined by the Court, but not less than $200,000, plus interest;

(b) On Count Two, judgment against Defendants CAM and GP in an amount to be determined by the Court, but not less than $200,000, plus interest;

(c) On Count Three, judgment against Defendants CAM and GP in an amount to be determined by the Court, but not less than $400,000, plus interest, attorney's fees and costs;

(d) On Count Four, judgment against Defendant Czech in an amount to be determined by the Court, but not less than $400,000, plus interest, attorney's fees and costs; and

(e) Such other and further relief as the Court deems proper.

Dated at Darien, Connecticut this 11th day of September, 2014.

THE PLAINTIFF
ROBERT A. DEL MONACO


BY:      /S/ (ct06645)
MARK R. CARTA
Carta, McAlister & Moore, LLC
1120 Post Road, Post Office Box 83
Darien, Connecticut 06820
Telephone (203) 202-3100/Facsimile (203) 202-3102
Email: Mark@CMM-Law.com

BY: _____
MICHAEL G. BERGER
Law Offices of Michael G. Berger
250 Park Avenue, 20th Floor
New York, New York 10177
Telephone (212) 983-6000/Facsimile (212) 983-6008
Email: mgberger@mgberger.com
*Pro Hac Vice* Admission Pending